PER CURIAM
Granted.
During the trial of this action (which is presently on appeal), the trial court granted a motion for directed verdict urged by E.I. duPont deNemours & Company, Inc. Although the trial was still in progress, the court signed a judgment on July 27, 1989 ordering that “all incidental claims against [duPont], including Cross-Claims, Third Party Demands, and Interventions, be dismissed, with prejudice”, (emphasis added).
On application for supervisory writs by third party plaintiffs and cross claimants, the court of appeal on July 31, 1989 reversed the dismissal of the incidental demands.
On August 10, 1989, the jury rendered its verdict, and the trial court signed judgments on August 29 and 30, 1989, generally ruling in favor of plaintiffs-relators and against certain defendants. duPont was not mentioned in the judgments.
Several parties, including several plaintiffs, filed timely post-trial motions. These motions were denied on December 15, 1989.
While the post-trial motions were pending, the trial court on October 27, 1989 signed a judgment granting a directed verdict and dismissing relators’ demand against duPont.
Relators filed a devolutive appeal on February 2, 1990. The court of appeal dismissed the appeal as untimely. This appeal was timely, however, if the sixty-day appeal period began when the post-judgment motions were denied on December 15,1989.
Insofar as the documents in this application show, the first written judgment by the trial court dismissing relators’ demand against duPont was signed on October 27, 1989. At that time there were post-judgment motions pending. Under La.Code Civ.Proc. art. 2087, as amended in 1987, when one or more parties files post-judgment motions, the delay for appealing for all parties does not commence until the denial of the last motion. Because the judgments signed in accordance with the jury verdict on August 29 and 30 (from which post-judgment motions were filed) and the judgment on the directed verdict signed on October 27 decided the merits of the cases and appropriately could have been rendered in one instrument, the time for appealing all three judgments did not commence until the pending motions were denied.
The judgment of the court of appeal is reversed, and relators’ appeal is reinstated.